J-S61041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LASSITER | : | |
| | : | |
| Appellant | : | No. 3278 EDA 2017 |

Appeal from the PCRA Order September 6, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0004435-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:                **FILED FEBRUARY 21, 2019**

Appellant, Daniel Lassiter, challenges the order entered in the Montgomery County Court of Common Pleas, dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant sexually assaulted the victim, a 33-year-old intellectually disabled woman with microcephaly. The victim was living independently at the time, and Appellant worked as a maintenance man in her building when the assault occurred. Just before trial, Appellant pled guilty to attempted aggravated indecent assault, attempted involuntary deviate sexual intercourse ("IDSI"), and indecent assault by forcible compulsion. He was sentenced to an aggregate six to twelve years' incarceration. Appellant filed a motion to modify his sentence, which was denied. He did not file a direct appeal.

Instead, Appellant filed a timely, *pro se* PCRA petition. In it, he claimed his sentence was excessive because it was outside of the standard guideline range; counsel failed to challenge this excessive sentence on appeal; and counsel failed to inform him of his appellate rights. The PCRA court appointed counsel.

After reviewing the record, counsel filed a no-merit letter and an application to withdraw from representation, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). The PCRA court granted counsel's petition to withdraw, and filed notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a response objecting to counsel's withdrawal.

Ultimately, the PCRA court dismissed Appellant's petition. Appellant filed a notice of appeal from the dismissal of his petition. This appeal is now before us.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

Appellant's first issue challenges the discretionary aspects of his sentence. He argues the sentencing court abused its discretion by sentencing him outside of the standard guideline range.

The PCRA requires a petitioner to show his claims have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation that a sentence is excessive is a challenge to the discretionary aspects of sentencing. **See Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008). Because this issue must be preserved at sentencing or in a post-sentence motion, and raised on direct appeal, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007) (citations omitted).

Appellant attempts to dispute what he alleges is an excessive sentence outside of the standard guideline range for the first time on PCRA review.[1] As he failed to raise this issue on direct appeal, we cannot now review whether the sentencing court abused its discretion. Thus, Appellant is entitled to no relief on this first issue as presented.

_____

[1] To the extent Appellant believes he contests the legality of his sentence, he concedes multiple times that this sentencing issue is a discretionary aspects challenge. **See** Appellant's Brief, at 9.

In his PCRA petition, Appellant *did* allege a legality of sentence issue, wherein he claimed his sentences for attempted aggravated indecent assault and attempted IDSI were illegal because the convictions should have merged for sentencing purposes. Appellant has wholly abandoned this challenge on appeal. And, as the PCRA court correctly explained, this issue lacked merit. Appellant's convictions for attempted aggravated indecent assault and attempted IDSI stemmed from two distinct criminal acts perpetrated on the victim, and these crimes have elements which do not overlap. **See** PCRA Court Opinion, filed 3/12/18, at 5-7.

However, in his second issue, Appellant challenges *counsel's* failure to raise this excessive sentence claim on direct appeal. Couched in this way, Appellant's claim is cognizable under the PCRA. **See Commonwealth v. Lawrence**, 960 A.2d 473, 478 n.3 (Pa. Super. 2008).

To obtain relief on an ineffectiveness claim, a petitioner must plead and prove by a preponderance of the evidence "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

"It is well-established that counsel is presumed effective, and a PCRA petitioner bears the burden of proving ineffectiveness." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779-780 (Pa. Super. 2015) (brackets and citations omitted). To prove ineffectiveness, a petitioner must establish his underlying claim has arguable merit; no reasonable basis existed for counsel's failure to raise these claims; and he suffered prejudice as a result of counsel's inaction. **See Commonwealth v. VanDivner**, 178 A.3d 108, 114 (Pa. 2018).

In Appellant's underlying claim, he challenges his sentence as excessive, and alleges it was imposed outside of the standard guideline range. However, this allegation is premised on a factual inaccuracy, as Appellant's sentences for each conviction were within the standard guidelines.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge[.]" **Commonwealth v. Hill**, 66 A.3d 365, 370 (Pa. Super. 2013) (citation omitted). Where an appellant is sentenced within the

guidelines, we may only reverse that sentence if application of the guidelines is clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2).

A sentence within the guideline range may be unreasonable if "the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in [42 Pa.C.S.A. §] 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant." *Commonwealth v. Coulverson*, 34 A.3d 135, 147 (Pa. Super. 2011) (citation omitted).

As noted, Appellant's sentence is squarely within the standard guidelines. In its opinion, the PCRA court detailed:

> Appellant's sentences are within the standard guidelines; Appellant's 3.5 to 7 years' (42-84 months') imprisonment on Count 2 – Attempted IDSI (Rape) by Forcible Compulsion is within the standard guideline range of 36 to 54 months' imprisonment; and Appellant's 2.5 to 5 years' (30 to 60 months') imprisonment on Count 4 – Attempted Aggravated Indecent Assault without consent is within the standard guideline range of 22 to 36 months' imprisonment.

PCRA Court Opinion, filed 3/12/18, at 8.

We then consider whether the application of the guidelines was clearly unreasonable in this case. At sentencing, the court stated:

> When it comes to fashioning a sentence, there are lots of things to balance. I believe in this circumstance [Appellant] is different things to different people.

To his family and to the people that testified, he has been a good friend, and someone who is able to help out when they need it, but to [the victim], he has completely altered her life, and for the court, it's important to balance everything.

It is important to balance the fact that there is no significant prior criminal history with the actions he took, and what [Appellant] did to [the victim].

There are many times that you've been in court, [Appellant], where your attitude has vacillated between feeling like a victim or like you were today, hopefully, understanding the impact of your action.

It is a difficult case because of the difference. You don't come before this court having a history of violence, having a history of sexual assaults, but the actions you took were horrific.

You said ["]the charges do not define who I am,["] and while you are right, the charges against you and your plea of guilty do not define who you are, when the time comes that you are released from prison, you will have your family. You will be able to move on from this, but your actions have now defined [the victim's] life, and have now defined her ability to move forward in a way that she deserves to.

She has earned that. It has taken her a long time to be independent, and you took that from her, and the court needs to balance those things.

… As a result of your actions, I believe you have earned the following sentence. Because you come to this court this age, without any significant criminal history, I do not feel that this is a statutory maximum case, but in normal circumstances, I give mitigating consideration to someone who has pled guilty, but that is not what I will do here because of your vacillation regarding your responsibility.

As it relates to the charge of attempted IDSI, I sentence you to three and a half to seven years.

As it relates to the aggravated indecent assault, I sentence you to two and a half to five years to run consecutive. As to indecent assault, I sentence you to four years' probation.

> This is significantly less than the statutory maximum, because I am hopeful that from your hearing [the victim's father], from your understanding of what this has done to [the victim], that the time you spend in prison, while significant, and you will get credit for time served, still gives you the opportunity to get out while your youngest children are even in elementary school and be a part of their lives, but there needs to be punishment, because I don't know if [the victim] will ever get past that, and that's because of the action you took.

N.T. Sentencing, 9/13/16, at 75-78.

The transcripts demonstrate the court considered the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and Appellant's rehabilitative needs. *See Coulverson*, 34 A.3d at 147. The sentencing court also reviewed a pre-sentence investigation report, and a psycho-sexual evaluation for Appellant. We are convinced the court imposed a reasonable sentence, and that a challenge to the discretionary aspects of Appellant's sentence would be without merit.

Because Appellant is unable to prove his underlying claim has merit, he cannot show that counsel acted unreasonably in failing to pursue this meritless argument. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (holding counsel cannot be deemed ineffective for failing to raise a meritless claim). Accordingly, he is entitled to no relief on this ineffectiveness claim.[2]

---

[2] In his PCRA petition, Appellant also argued trial counsel was ineffective for failing to inform him of his appellate rights. Appellant abandons this claim on appeal. And, as the PCRA court notes in its opinion, that claim is utterly belied by the record. *See* N.T. Sentencing, 9/13/16, at 79-80 (explaining Appellant's rights on appeal).

Appellant also contends PCRA counsel provided ineffective assistance when counsel filed a ***Turner/Finley*** no-merit letter.[3] Essentially, Appellant contends PCRA counsel rendered ineffective assistance by failing to investigate Appellant's claims that trial counsel was ineffective.

An allegation that PCRA counsel was ineffective for failing to investigate trial counsel's ineffectiveness is cognizable only as a "layered" claim. ***See Commonwealth v. McGill***, 832 A.2d 1014, 1023 (Pa. 2003) (explaining appellate or collateral counsel cannot be deemed ineffective for failing to raise ineffectiveness of trial counsel, if petitioner fails to establish trial counsel's ineffectiveness).

Here, because Appellant was unable to establish that trial counsel was ineffective, he cannot then establish PCRA counsel's ineffectiveness for failing to raise such a claim. Appellant is due no relief.

Finally, we address Appellant's argument that the PCRA court erred by declining to hold an evidentiary hearing.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted). Appellant's PCRA issues do not present genuine issues of material fact. Holding an

---

[3] Appellant first raised this claim of PCRA counsel's ineffectiveness in his response to the PCRA court's Rule 907 notice of intent to dismiss his petition without a hearing. Therefore, we will consider it. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012).

evidentiary hearing would have served no purpose. Accordingly, we affirm the PCRA court's order dismissing his first PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/19